IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARA MELONE AND PAUL MELONE<br>　　　　　　　　　　　　Plaintiff(s)<br>v.<br><br>SHORE INSTITUTE FOR REPRODUCTIVE MEDICINE, P.C.; ALLEN MORGAN, MD; KELLY HYNES, LPN; KERRI KING-HURLEY; JOHN DOES, MD #1-10; JANE ROES, RN/NP/PA #1-10; RON AND JANE DOES, #1-10; and ABC CORPORATION #1-10<br>　　　　　　　　　　　　Defendant(s) | CIVIL ACTION NO.<br><br>3:23-cv-03243-GC-JBD<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## LIMITED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

It is being represented to the Court that the Plaintiffs, Kara Melone and Paul Melone, have requested internal policies and procedures of Defendant, Shore Institute for Reproductive Medicine, P.C. relating to the following:

　　i.　Proper Handling of Culture Dishes

　　ii.　Cryopreserved Specimen Storage and Inventory

　　iii.　Blastocyst Vitrification

　　iv.　Shipping Specimen to Another IVF Program

　　v.　Retention of Records

These policies and procedures involve trade secrets, confidential information, and proprietary materials belonging to Shore Institute for Reproductive Medicine, P.C.; and

It is being represented to the Court that Shore Institute for Reproductive Medicine, P.C. ("Producing Defendant") is willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It is being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore,

It is hereby ORDERED that:

1. Producing Defendant will disclose the above policies and procedures, that it designates "Confidential and Proprietary" to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow.

2. "Material" is defined as the requested internal policies and procedures of Defendant, Shore Institute for Reproductive Medicine, P.C. relating to the following:

   i. Proper Handling of Culture Dishes

   ii. Cryopreserved Specimen Storage and Inventory

   iii. Blastocyst Vitrification

   iv. Shipping Specimen to Another IVF Program

   v. Retention of Records;

3. Any and all of the aforesaid materials disclosed by Producing Defendant and the contents thereof shall be maintained in confidence by counsel for the Plaintiffs. The aforesaid materials shall not be photocopied or reproduced by any means without the prior consent of counsel for Producing Defendant or until further order of this Court. The terms of this paragraph shall not preclude the photocopying or reproduction by Plaintiffs for said materials for use at deposition and trial, subject to admissibility in any trial proceedings.

4. Any and all of the aforesaid materials disclosed by Producing Defendant and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

5. No person who examines any document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order.

6. Counsel for Plaintiffs and may permit an expert or experts hired by the plaintiffs or other parties in the above-captioned litigation to review a copy the documents subject to this Protective Order, but counsel for the plaintiffs and counsel for the other parties must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means. Any documents provided to experts must be returned to Producing Defendants within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 9 below at the request of defense counsel.

7. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

8. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

9. At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal, by judgment order or otherwise, all Producing Defendant's materials, including any

and all copies, or renditions made from the materials, shall be returned to undersigned counsel for Producing Defendant within thirty (30) days upon the request of defense counsel.

10. A breach of the terms of this Order shall entitle Producing Defendant to appropriate sanctions, including but not limited to attorneys' fees and costs incurred in the enforcement of this Order.

| HENDLER FLORES LAW | KIERNAN TREBACH LLP |
|---|---|
| _____ *(signed)* | _____ *(signed)* |
| LEIGH JOSEPH, ESQUIRE | SARAH M. BAKER, ESQUIRE |
| *Attorney for Plaintiffs, Kara and Paul Melone* | *Attorney for Defendants, Shore Institute for Reproductive Medicine, P.C., Allen Morgan, M.D., Kelly Hynes, LPN, and Kerri King-Hurley* |

**APPROVED BY THE COURT:**

BY:_____
                                      J.

DATE: _____